**5**

**J. RUSSELL CUNNINGHAM, SBN 130578**
**TALVINDER S. BAMBHRA, SBN 230907**
**BENJAMIN C. TAGERT, SBN 330242**
**DESMOND, NOLAN, LIVAICH & CUNNINGHAM**
1830 15th Street
Sacramento, California 95811
Telephone: (916) 443-2051
Facsimile: (916) 443-2651

Attorneys for Ethan J. Birnberg
Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| In re:<br><br>PATRICK KNUDT ANDERSEN, and<br><br>SHARON JEAN ANDERSEN,<br><br>Debtors. | Case No. 25-20977-B-7<br>Chapter 7<br><br>DNL-2<br><br>Date: July 8, 2025<br>Time: 11:00 a.m.<br>Place: 501 I Street, 6th Floor<br>Courtroom 32<br>Sacramento, CA 95814 |

**MOTION TO APPROVE INTER-ESTATE AGREEMENT**

ETHAN J. BIRNBERG ("Trustee Birnberg"), in his capacity as the Chapter 7 trustee for the bankruptcy estate of PATRICK KNUDT ANDERSEN ("Patrick") and SHARON JEAN ANDERSEN ("Sharon"), hereby moves for an order approving an inter-estate agreement ("Agreement") with GEOFFREY M. RICHARDS ("Trustee Richards"), in his capacity as trustee for the bankruptcy estate of MICHAEL JENS ANDERSEN ("Michael") and KRISTA MARIE ANDERSEN ("Krista"). In support thereof, Trustee Birnberg respectfully represents the following:

///

## JURISDICTION AND BACKGROUND

1. Jurisdiction for this application exists pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(b)(2)(A) and (M). Venue is proper pursuant to 28 U.S.C. § 1409(a). The motion is made pursuant to 11 U.S.C. § 363.

2. Michael and Krista are the debtors in Case No. 25-20787-B-7 ("Michael/Krista Case") which was commenced by the filing of a voluntary chapter 7 petition on February 24, 2025. Trustee Richards is the duly appointed trustee in the Michael/Krista Case.

3. Patrick and Sharon are the debtors Case No. 25-20977-B-7 ("Patrick/Sharon Case") which was commenced by the filing of a voluntary Chapter 7 petition on March 4, 2025. Trustee Birnberg is the duly appointed trustee in the Patrick/Sharon Case.

4. The real property commonly known as 4750 Rowles Road, Vina, California 96094 ("Vina Post Office") is the subject of a lease ("Post Office Lease") in which the UNITED STATES POSTAL SERVICE ("USPS") is lessee and Patrick and Michael are lessors, in their respective capacities of THE PATRICK ANDERSEN AND SHARON J, ANDERSON FAMILY TRUST DATED MAY 3, 2017 ("Patrick/Sharon Trust") and THE MICHAEL ANDERSEN AND KRISTA ANDERSON FAMILY TRUST DATED MAY 3, 2017 ("Michael/Krista Trust").

5. The Post Office Lease provides for annual rent payments, the next of which is $5,920.00 due on July 1, 2025.

6. Title to the Vina Post Office is held by Michael and Patrick in their capacities as trustees of the Michael/Krista Trust and Patrick/Sharon Trust (collectively "Family Trusts").

7. The original A/B Schedules filed in the Michael/Krista Case and Patrick/Sharon Case: (1) characterize their respective interests in the Vina Post Office as 50% each; (2) value the interests at $21,900.50 each, for a total of $43,801.00; and (3) omit their respective interests in the Family Trusts and Post Office Lease.

## INTER-ESTAE AGREEMENT TERMS

8. The Agreement provides that:

a. Administration of Vina Post Office. All rights of the Michael/Krista Case bankruptcy estate in and to the Vina Post Office, including those based on the

Family Trusts and the Post Office Lease, shall be deemed irrevocably assigned to the Patrick/Sharon Case estate. Trustee Birnberg shall have exclusive control over the Vina Post Office rights, including listing, sale, and abandonment (if advisable to do so), subject to approval of the Bankruptcy Court in the Patrick/Sharon Case.

b. Distribution of Proceeds. The recovery, if any, on account of the Vina Post Office shall be distributed: (a) first to the compensation allowed Trustee Birnberg broker and counsel in connection with liquidation of the Vina Post Office; and (b) second, the balance, 50% to Trustee Richards for the benefit of the Michael/Krista Case estate and 50% to Trustee Birnberg for the benefit of the Patrick/Sharon Case estate.

**EXAMPLE**

| Item | Amount |
|---|---|
| Gross Sale Price | 43,801.00 |
| (Broker/Selling Costs @ 10%) | (4,380.10) |
| (Attorney Fees/Costs) | (2,500.00) |
| Net Sale Proceeds | 36,920.90 |
| Rents | 5,920.00 |
| Recovery | 42,840.90 |
| Michael/Krista Case Estate @ 50% | (21,420.45) |
| Patrick/Sharon Case Estate @ 50% | (21,420.45) |
| **Balance** | **0** |

9. It is Trustee Birnberg's opinion that approving the Agreement is in the best interest of the above-captioned estate.

///

///

**BASIS FOR RELIEF**

Federal Rule of Bankruptcy Procedure 9019 provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." When deciding whether a proposed compromise under Federal Rule of Bankruptcy Procedure 9019 should be approved, the court should consider whether the settlement is fair and equitable. *In re Planned Protective Service, Inc.*, 130 B.R. 94, 96 (Bankr. C.D. Cal. 1991). In evaluating the fairness, reasonableness and adequacy of the proposed compromise, courts consider: (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises. *In Re Woodson*, 839 F.2d 610, 620 (9th Cir. 1988), citing *In Re A & C Properties*, 784 F.2d 1377, 1381, cert. denied 107 S.Ct. 189 (1986).

The Court should not conduct "an exhaustive investigation or a mini-trial on the merits," *Spirtos v. Ray (In re Spirtos)*, 2006 Bankr. LEXIS 4894 at 32 (B.A.P. 9th Cir. 2006), but instead should simply "'canvas the issues and see whether the settlement falls below the lowest point in the range of reasonableness[.]'" *Id.* (quoting *In re Pacific Gas & Elec. Co.*, 304 B.R. 395, 417 (Bankr. N.D. Cal. 2004)). While the proponent of a settlement has the burden to show that it is fair and equitable, a court generally should give deference to a trustee's exercise of business judgment. *Goodwin v. Mickey Thompson Entm't Group, Inc. (In re Mickey Thompson Entm't Group, Inc.)*, 292 B.R. 415, 420 (B.A.P. 9th Cir. 2003).

The Court should approve the proposed settlement because it is fair and equitable, and in the best interests of the Debtors' creditors.

**1. The probability of success in the litigation.**

This factor supports approving the Agreement. The ultimate outcome of litigation between the estates over their respective interests in the Vina Post Office, including a co-owner accounting and sorting out potential differing interests in the Family Trusts and Post Office Lease, is unknown. Here, the debtors have both scheduled their interests as 50%-50% and valued those interest in the same amount.

**2. The difficulties to be encountered in collection.**

This factor is neutral because Trustee Birnberg is in a defensive position as to co-owned property that may otherwise be sold pursuant to 11 U.,S.C. Section 363(h).

**3. The complexity, expense, and inconvenience of the litigation involved.**

This factor supports approving the Agreement. Litigation will require time and expense that is otherwise wholly avoidable by the Agreement. The Agreement avoids further expense and delay and allows Trustee Birnberg to move forward with his efforts to liquidate the Vina Post Office for the benefit of both bankruptcy estates. The law favors compromise and not litigation for its own sake. *In re Blair*, 538 F.2d 849, 851 (9th Cir. 1976).

**4. The paramount interest of the creditors.**

This factor supports approving the Agreement. The court may give weight to the opinions of the trustee, the parties, and their attorneys. *In re A & C Properties*, 784 F.2d 1377 (9th Cir. 1986). It is Trustee Birnberg's opinion that the Agreement is in the best interests of the estate. The Agreement avoids potentially duplicative professional fees that would otherwise be separately incurred by the respective estates. Therefore, the Agreement provides for an efficient administration of the estate and is in the paramount interest of creditors.

Dated: June 5, 2025 **DESMOND, NOLAN, LIVAICH, & CUNNINGHAM**

By: /s/ J. RUSSELL CUNNINGHAM
**J. RUSSELL CUNNINGHAM**
Attorney for Ethan J. Birnberg
Chapter 7 Trustee